1  **ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**

2  **TREVA STEWART, ESQ., SBN 239829**
POINTER & BUELNA, LLP

3  LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208

4  Oakland, CA 94607
Tel: 510-929-5400

5  Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com

6  Email: PBuelna@LawyersFTP.com
Email: TStewart@LawyersFTP.com

7

8

9  Attorneys for PLAINTIFFS

10

11              **UNITED STATES DISTRICT COURT**

12        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

14

15  ESTATE OF DECEDENT LOLOMANIA          Case No.:
    SOAKAI; LAVINIA SOAKAI, an

16  individual and personal representative of
    ESTATE; DANIEL FIFITA, an individual;     COMPLAINT FOR DAMAGES

17  SAMIEUELA FINAU, an individual; INA       (42 U.S.C. § 1983)
    LAVALU, an individual;

18              Plaintiff(s)

19  v.                                        JURY TRIAL DEMANDED

20  CITY OF OAKLAND, a municipal
    corporation; and DOES 1-50, inclusive.

21              Defendant(s).

22

23

24

25

26

27

28

PLAINTIFFS COMPLAINT FOR DAMAGES

1

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**INTRODUCTION**

1.    On June 25, 2022, LAVINIA Soakai, Lolomania "Lolo" Soakai, Ina Lavalu and Daniel Fifita were returning home from a family graduation ceremony and stopped at a popular taco truck in Oakland. As they waited for the food at their cars, two Oakland officers had commenced an unauthorized "ghost chase" of a suspect from a car rally.

2.    A "ghost chase" is a vehicular pursuit of a suspect by officers wherein the officers do not activate their sirens and lights or  radio in the chase to dispatch because their department prohibits such pursuits due to the risks to the lives of the suspect and innocent bystander.

3.    The two Oakland officers sped after the suspect through highly populated and congested surface streets in Oakland at speeds in excess of 60 mph, and reports of even 100 mph. Foreseeably, the Oakland officers caused the suspect to lose control of his vehicle and crashed into cars and motorcycles parked in front of a busy late night taco truck on International Boulevard – a main city thoroughfare.

4.    The suspect's car smashed into a row of parked cars and threw a parked motorcycle into the air. The car also struck Lolo fwho was standing next to one of the parked cars fatally wounding him. Tragically, Lolo took his last breaths in front of his mother, LAVINIA Soakai. LAVINIA, who suffered a broken back in the collision was paralyzed with pain. She cried desperately for emergency medical help for her son Lolo, as she watched his life slip away.

5.    Daniel Fifita and Ina Lavalu were sitting in an SUV that was parked right behind the car Lolo was standing next to when he was struck. The suspect's car violently hit their SUV rendering it a total loss. Mr. Fifita and Ms. Lavalu suffered severe physical injuries as a result of the collision.  The couple sought and received emergency medical care in order to address their physical injuries and both had difficulty walking without pain for the next several weeks.

PLAINTIFFS COMPLAINT FOR DAMAGES

2

6.      Mr. Samieuela Finau was standing next to his parked motorcycle alongside the taco truck waiting for his food order. Suddenly the fleeing car careened into his motorcycle and struck his leg. The force of the collision destroyed his motorcycle and also left him with significant back and leg injuries.

7.      The two Oakland officers watched the carnage, injuries and death they caused, but they did not stop their car or even summon emergency medical services. Instead, they kept their sirens and lights off, their radios dead, and doubled-back to the scene when they heard other police sirens responding. When they returned to the scene, they pretended to have just arrived and were overheard saying that they hoped that the driver had died in the crash.

/

/

## JURISDICTION

8.      This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Oakland, Alameda County, California within this judicial district.

## PARTIES

9.      PLAINTIFF ESTATE OF DECEDENT LOLOMANIA SOAKAI (hereinafter, "ESTATE") brings this case through personal representative LAVINIA SOAKAI. PLAINTIFF ESTATE brings these claims on behalf of Decedent pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. The wrongful death and survival claims survive the death of Decedent; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure 377.62. PLAINTIFF ESTATE of LOLOMANIA SOAKAI also brings their

PLAINTIFFS COMPLAINT FOR DAMAGES

3

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

claims on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also brings these claims as Private Attorney General, to vindicate not only Decedent's rights, but also others' civil rights of great importance.

10.     PLAINTIFF LAVINIA SOAKAI is an individual and resident of California. She is also the personal representative of PLAINTIFF ESTATE. She is the only surviving biological parent and biological mother of DECEDENT LOLOMANIA SOAKAI and is also the successor-in-interest under California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. Plaintiff brings claims both as the personal representative under the ESTATE and also individually on the basis of California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also brings these claims as Private Attorney General, to vindicate not only Decedent's rights, but also others' civil rights of great importance.

11.     PLAINTIFF DANIEL FIFITA is an individual and resident of California.

12.     PLAINTIFF INA LAVALU is an individual and resident of California.

13.     PLAINTIFF SAMIUELA FINAU is an individual and resident of California.

14.     Defendant CITY OF OAKLAND (hereinafter, "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY possesses the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the OAKLAND POLICE and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant CITY was the employer of Defendant DOES 1-25, individually and as peace officers.

15.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believes and alleges that each Defendant so named was employed by Defendant CITY

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

at the time of the conduct alleged herein. Plaintiffs allege that each of Defendant DOES 1 through 25 was responsible for training, supervision, and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiffs allege that each Defendant DOES 1 through 25 were also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive when they have been ascertained.

16.    Plaintiffs filed a timely government tort claim with Defendant CITY on August 8, 2022 which was rejected by operation of law.

## **FACTUAL ALLEGATIONS**

17.    On June 25, 2022, LAVINIA Soakai, Lolomania "Lolo" Soakai, Ina Lavalu, and Daniel Fifita were returning home from a family graduation ceremony and stopped at a popular taco truck in Oakland, California located at 54th and International Boulevard. A friend of theirs, Samiuela Finau, joined them there. They all placed their orders at the taco truck. As they waited for the food at their cars, two Oakland officers had commenced an unauthorized "ghost chase" of a suspect from a car rally called a "sideshow".

18.    A "ghost chase" is when officers keep off their sirens and lights and do not radio in their chase of a suspect to dispatch because their department prohibits the chase due to the risks to the suspect and innocent bystanders' lives. (see description above. If okay, copy and paste here)

19.    The two Oakland officers sped after the suspect through highly populated and congested surface streets in Oakland at speeds in excess of 60 mph, and reports of even 100 mph. Foreseeably, the Oakland officers purposely caused the suspect to lose control of his vehicle and crash into cars and motorcycles parked in front of a busy late night taco truck on International Boulevard – a main city thoroughfare. Notably, the purpose of lights and sirens is not only to alert a

PLAINTIFFS COMPLAINT FOR DAMAGES

5

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

1    suspect of the need to pull over but also – in vehicle pursuits – to warn surrounding traffic and

2    bystanders and avoid collisions and harm.

3    20.    The suspect's car smashed and threw a parked motorcycle into the air. Lolo was also

4    struck as he was standing beside his car. The force of the collision caused Lolo to sustain fatal

5    injuries and broke his mother's back. Lolo sustained fatal injuries and was left laying on the

6    pavement in front his mother. Lolo's cousin, INA LAVALU and her husband DANIEL FIFTA

7    along with SAMIEUELA FINAU were also severely injured as a result of the collision. Tragically,

8    Lolo took his last breaths in front of his mother, who cried desperately for emergency medical help

9    to render aid to her dying son.

10    21.    The two Oakland officers watched the carnage, injuries and death they caused, but

11    they did not stop their cars or even summon emergency medical services. Instead, they kept their

12    sirens and lights off, their radios dead, and doubled back when they heard other police sirens

13    responding to the scene. They later returned pretending to have just arrived on scene. They were

14    overheard commenting that they were satisfied the driver appeared injured and hoped that the driver

15    had died in the crash.

16    22.    As a result of the officers refusal to provide or summon emergency medical services

17    – which their Department and officer training require – Plaintiffs' injuries worsened and Decedent

18    lost his life without immediate medical intervention. Indeed, the Oakland officers' deliberate delay

19    of medical treatment cost Decedent his life.

20    23.    Notably, neither officer documented – as their department and officer training

21    require – their involvement in the high-speed vehicle pursuit, the collision, the injuries to Plaintiffs

22    and/or the death of Lolo.

23    24.    On or about 2014, the Oakland Police Department ("OPD") issued a policy that

24    prohibited high-speed vehicle pursuits except for a "violent forcible crime" such as a rape, assault,

murder, or robbery. Even where a high-speed vehicle pursuit *may be permitted* it is required the officers weigh "the risks to the safety of officers, motorists, bystanders, and the public versus the benefit to public safety."

25.     Following this policy change, a growing trend emerged amongst OPD officers to use "ghost chases" to avoid scrutiny for vehicle pursuits. Upon information and belief, these ghost chases became well-known within the department, and caused other crashes, injuries and constitutional violations. Upon information and belief, high-ranking supervisors and officials within the department knew of the practice of "ghost chases" but did not take action to discipline, quell or abolish the unconstitutional and dangerous practice which proximately caused Defendants Doe Officers to use the practice to chase, purposely cause the suspect to crash, and injure Plaintiffs and Decedent.

26.     It was widely reported that once the Officers' dishonorable and unlawful conduct was discovered, the Oakland Police Chief took both of the involved officers off duty and placed them on administrative leave pending the conclusion of an internal affairs investigation into this incident wherein the two officers face potential discipline and/or termination.

## **DAMAGES**

27.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

28.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) if they are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988 and California Civil Code §§ 52, 52.1. Plaintiffs are also entitled to punitive damages.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

29.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff LAVINIA SOAKAI also sustained the following injuries and damages, past and future, among others:

a.    Wrongful death of LOLOMANIA SOAKAI;

b.    Hospital and medical expenses;

c.    Coroner's fees, funeral and burial expenses;

d.    Loss of familial relationship, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

e.    Pain and Suffering including emotional distress

f.    LOLOMANIA SOAKAI's loss of life, pursuant to federal civil rights law;

g.    Violation of constitutional rights; and

h.    All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment— DUE PROCESS under 42 U.S.C. Section 1983)**
*(Plaintiffs against Does 1-25)*

30.    Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as fully set forth herein.

31.    Defendant Does Oakland Officers affirmatively and proximately caused Plaintiffs and Decedent harm by:

a.    Conducting a high-speed chase on surface streets for a suspected traffic violation without contacting radio dispatch, turning on their lights or turning on their sirens

PLAINTIFFS COMPLAINT FOR DAMAGES

8

b. Conducting a high-speed chase on a heavily trafficked and populated thoroughfare

c. Purposely maintaining a high-speed chase in an effort to make a suspect lose control, severely injure himself and die

d. Failing to stop their cars, provide and summon emergency medical treatment for an injured suspect and bystanders despite having caused the harm

e. Failing to document a vehicle pursuit, vehicle collision and injuries despite their involvement

32.    Defendant Does Oakland Officers affirmatively and proximately violated their own departments' policies and law enforcement officers training by:

a. Violating their Department's policy and officer training that prohibited high-speed chases on surface streets that placed pedestrians and bystanders at risk

b. Violating their Department's policy and officer training that prohibited officers from purposely keeping off their lights & siren during a vehicle pursuit

c. Violating their Department's policy and officer training that prohibited officers from purposely failing to contact and report a vehicle pursuit to dispatch

d. Violating their Department's policy and officer training to use their law enforcement powers to cause unnecessary harm to a person

e. Violating their Department's policy and officer training to provide and summon emergency medical services for injured persons

f. Violating their Department's policy and officer training to document their involvement in vehicle collisions, pursuits and injuries

33.    Defendant Does Oakland Officers conduct caused irreparable, unreasonable harm purposefully when they engaged in a reckless, prohibited police pursuit at dangerous speeds with

the intent to harm a suspect that proximately caused the harm and violation of all Plaintiffs &

Decedent's constitutional rights under the Fourtenth Amendment.

34.    Defendant Does Oakland Officers conduct caused irreparable, unreasonable harm

purposefully to Decedent and Plaintiffs which they witnessed. Defendant Does had an obligation to

provide and summon emergency medical services but did not. As a result of their willful delay to

summon and/or provide emergency medical services, Plaintiffs suffered extenuated harm and

Decedent lost his life.

35.    As a result of Defendant Does Oakland Officers' conduct, Defendants are liable for

Plaintiffs and Decedents' injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (*Monell* under 42 U.S.C. § 1983)
*(Plaintiffs against Does 25-50 and CITY)*

36.    Plaintiffs hereby re-alleges and incorporates by reference each and every paragraph

of this Complaint as fully set forth.

37.    On or about 2014, the Oakland Police Department ("OPD") issued a policy that

prohibited high-speed vehicle pursuits except for a "violent forcible crime" such as a rape, assault,

murder, or robbery. Even where a high-speed vehicle pursuit *may be permitted* the policy requires

that officers weigh "the risks to the safety of officers, motorists, bystanders, and the public versus

the benefit to public safety."

38.    Following this policy change, a growing trend emerged amongst OPD officers to use

"ghost chases" to avoid scrutiny for vehicle chases. Upon information and belief, these ghost chases

became well-known within the department, caused other crashes, injuries and constitutional

violations. Upon information and belief, high-ranking supervisors and official within the department

knew of the practice of "ghost chases" but did not take action to discipline, quell or abolish the

unconstitutional and dangerous practice which proximately caused Defendant Does Oakland

PLAINTIFFS COMPLAINT FOR DAMAGES

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

1  Officers to use the practice to chase, purposely cause the suspect to crash and injured Plaintiffs and

2  Decedent.

3      39.     As a result, Defendant CITY's failure to address the "ghost chase" trend resulted in

4  encouraging and endorsing the unconstitutional practice of unsafe high-speed police pursuits in

5  heavily populated areas and therefore proximately caused Defendant Does Oakland Officers'

6  conduct and is liable for Plaintiffs and Decedent's injuries.

7      WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

8

9                              **THIRD CAUSE OF ACTION**
                                      **(NEGLIGENCE)**
10                         *(Plaintiffs against Does 1-25 and CITY)*

11      40.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this

12  Complaint as fully set forth here.

13      41.     At all times, Defendants owed Plaintiffs a duty to act with due care in executing and

14  enforcing any right, law, or legal obligation.

15      42.     At all times, Defendants owed Plaintiffs a duty to act with reasonable care.

16      43.     The general duties of reasonable care and due care owed to Plaintiffs by Defendants

17  include but are not limited to the following specific obligations:

18      a.   To refrain from unreasonable and reckless high-speed pursuits;

19      b.   To promptly provide and summon medical emergency services;

20      c.   To refrain from violating Plaintiffs' rights guaranteed by the United States and

21           California Constitutions, as set forth above, and otherwise protected by law.

22      44.     Defendant breached every one of the aforementioned duties owed to Plaintiffs

23  through their acts and omissions.

24      45.     Defendant CITY is vicariously liable for its employees and agents' wrongful acts and

25  omissions pursuant to Cal. Gov. Code § 815.2.

26

27

28

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

46.     As a direct and proximate result of Defendant Does' negligence, Plaintiffs sustained

injuries and damages and is entitled to relief as set forth above.


## FOURTH CAUSE OF ACTION
**(**Negligence & Wrongful Death CCP §§377.60, 377.61**)**
*(Plaintiffs LAVINIA SOAKAI & ESTATE against CITY and DOES 1-50)*

47.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this

Complaint as fully set forth here.

48.     At all times, Defendants owed Plaintiffs a duty to act with due care in executing and

enforcing any right, law, or legal obligation.

49.     At all times, Defendants owed Plaintiffs a duty to act with reasonable care.

50.     The general duties of reasonable care and due care owed to Plaintiffs by Defendants

include but are not limited to the following specific obligations:

   a.  To refrain from unreasonable and reckless high-speed pursuits;

   b.  To promptly provide and summon medical emergency services;

   c.  To refrain from violating Plaintiffs' rights guaranteed by the United States and

       California Constitutions, as set forth above, and otherwise protected by law.

51.     Defendant breached every one of the aforementioned duties owed to Plaintiffs

through their acts and omissions.

52.     Defendant CITY is vicariously liable for its employees and agents' wrongful acts and

omissions pursuant to Cal. Gov. Code § 815.2.

53.     As a direct and proximate result of Defendant Does' negligence, Plaintiffs sustained

injuries and damages and is entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

PLAINTIFFS COMPLAINT FOR DAMAGES
12

**FIFTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1)**
*(Plaintiffs against Does 1-25 & CITY)*

54.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint as fully set forth here.

55.     Plaintiffs bring this "Bane Act" claim individually for direct violation of their rights.

56.     By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code § 52.1 and the flowing clearly-established rights under the United States Constitution and the California Constitution:

   a.   Plaintiffs' right to be free from unreasonable and reckless high-speed police pursuits designed to harm people as secured by the Fourteenth Amendment to the United States Constitution and by Article I., § 13 of the California Constitution;

   b.   Plaintiffs' right to be free from officers affirmatively placing them in dangerous situations as secured by the Fourteenth Amendment to the United States Constitution and by Article I., § 13 of the California Constitution;

57.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All Defendants' duties and rights violations were volitional, intentional acts, done with reckless disregard for Plaintiffs' rights, and none were accidental or merely negligent.

58.     Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for violation of Plaintiffs' rights by its employees and agents.

59.     As a direct and proximate result of the Defendants' violation of Cal. Civ. Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

1    punitive damages against Defendants and Does 1-50, and including all damages allowed by Cal.

2    Civ. Code §§ 52, 52.1 and California law, not limited to costs, attorneys fees, treble damages, and

3    civil penalties.

4        WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

5

6    **FIFTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

7    *(Plaintiff LAVINIA SOAKAI against Does 1-25 & CITY)*

8    60.    Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of

9    this Complaint as fully set forth here.

10    61.    Plaintiff LAVINIA SOAKAI brings a claim for negligent infliction emotional

11    distress derived from the distress that she suffered when she personally witnessed the suffering and

12    anguish that the car collision that struck and killed her biological son caused.

13    62.    Defendant CITY is vicariously liable, pursuant to California Government Code §

14    815.2, for violation of Plaintiffs' rights by its employees and agents

15

16    63.    As a direct and proximate result of Defendant Does' negligence, Plaintiffs sustained

17    injuries and damages and is entitled to relief as set forth above.

18        WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

19

20    **JURY DEMAND**

21

22    64.    Plaintiffs hereby demand a jury trial in this action.

23    **PRAYER**

24

25    Wherefore, Plaintiffs pray for relief as follows:

26    1.  For general damages in a sum proven at trial;

27

28

PLAINTIFFS COMPLAINT FOR DAMAGES
14

2.  For special damages, including but not limited to past, present, and/or future wage loss, income, and support, medical expenses, and other special damages in a sum to be determined according to proof.

3.  For punitive damages against DOES 1-50 in a sum according to proof.

4.  For reasonable attorney's fees pursuant to Cal. Civ. Code § 52.1, U.S.C. § 1983 & 1988, and as otherwise may be allowed by state & federal law;

5.  For the cost of suit herein incurred; and

6.  For such other and further relief as the Court deems and proper.


Dated:  January 25, 23                          POINTER & BUELNA, LLP
                                                LAWYERS FOR THE PEOPLE

                                                /s/ Patrick Buelna
                                                PATRICK BUELNA
                                                Attorney for PLAINTIFF(S)

PLAINTIFFS COMPLAINT FOR DAMAGES

15