1
2
3
4             UNITED STATES DISTRICT COURT
5           NORTHERN DISTRICT OF CALIFORNIA
6
7   ESTATE OF DECEDENT LOLOMANIA          Case No.  23-cv-00381-SK
    SOAKAI, et al.,
8
                 Plaintiffs,
9                                         ORDER GRANTING MOTION TO
          v.                              DISMISS WAIVED CLAIMS
10
11  CITY OF OAKLAND, et al.,              Regarding Docket No. 91

                 Defendants.
12

13         This matter comes before the Court upon consideration of Defendants' motion to dismiss.

14  The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local

15  Rule 7-1(b), and VACATES the September 15, 2025 hearing.  Having carefully considered the

16  parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS

17  Defendants' motion for the reasons set forth below.

18                              **BACKGROUND**

19         Plaintiffs filed their initial complaint on January 25, 2023, asserting federal claims under

20  42 U.S.C. § 1983 and state-law claims for negligence, wrongful death, violations of the Bane Act,

21  and negligent infliction of emotional distress.  (Dkt. No. 1.)  On April 3, 2023, Defendants filed a

22  motion to dismiss all of Plaintiffs' claims.  (Dkt. No. 11.)  On April 17, 2023, instead of filing an

23  opposition to Defendants' motion, Plaintiffs filed an amended complaint, asserting federal claims

24  under Section 1983 and asserting only one state-law claim under the Bane Act.  (Dkt. No. 17.)  On

25  November 28, 2023, the Court granted in part and denied in part motions related to Plaintiffs'

26  amended complaint and provided Plaintiffs with leave to amend their Section 1983 claim against

27  the City and their California Bane Act claim.  (Dkt. No. 74.)  Plaintiffs further amended their

28  complaint on March 26, 2024, asserting a claim under Section 1983 and state-law claims for

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1  negligence and wrongful death.  (Dkt. No. 81.)  Defendants now move to dismiss Plaintiffs' state-

2  law claims for negligence and wrongful death on the ground that Plaintiffs waived those claims by

3  failing to include them in their First Amended Complaint.

**ANALYSIS**

5  Defendants argue that Plaintiffs, by failing to replead their state-law claims for negligence

6  and wrongful death in their First Amended Complaint, Plaintiffs voluntarily waived those claims.

7  The Court agrees.

8  In *Lacey*, the Ninth Circuit stated that for claims that were dismissed with leave to amend,

9  it would consider such claims waived if they were not repled.  *Lacey v. Maricopa Cnty.*, 693 F.3d

10  896, 928 (9th Cir. 2012).  "Although *Lacey* addressed the waiver of rights on appeal, district

11  courts have extended the reasoning of the decision to apply to waiver of causes of action in the

12  district court when claims could have been pled in a subsequent complaint but were voluntarily

13  withdrawn."  *See Heath v. Google LLC*, 2018 WL 398463, at *3 (N.D. Cal. Jan. 12, 2018) (citing

14  *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *6 (N.D. Cal. July 7, 2015); *Gazzano v. Stanford*

15  *Univ.*, 2013 WL 2403646, at *4 n. 31 (N.D. Cal. May 31, 2013); *Westley v. Oclaro, Inc.*, 2013 WL

16  2384244, at *11 (N.D. Cal. May 30, 2013)); *see also Robles v. Cnty. of San Diego*, 2025 WL

17  1811816, at *2 (S.D. Cal. June 30, 2025); *Ward v. California*, 2023 WL 3590685, at *2 (N.D. Cal.

18  May 22, 2023); *LBF Travel Mgmt. Corp. v. Derosa*, 2022 WL 3588926, at *7 (S.D. Cal. Aug. 22,

19  2022); *Verbick v. Movement Tech. Co., Inc.*, 2022 WL 20140922, at *2 (S.D. Cal. Aug. 11, 2022);

20  *Underwriters at Lloyd's v. Abaxis, Inc.*, 2020 WL 1677341, at *4 (N.D. Cal. Apr. 6, 2020); *Fodrey*

21  *v. City of Rialto*, 2019 WL 8509654, at *4 (C.D. Cal. Dec. 20, 2019); *Camp v. Nupp*, 2016 WL

22  9076479, at *3 (C.D. Cal. Oct. 18, 2016).

23  Plaintiff points to a few cases finding that *Lacey* was limited to addressing waiver of rights

24  on appeal and thus, inapplicable to waiver of claims in district court.  However, the vast majority

25  of cases hold that failure to replead claims that were not dismissed with prejudice results in a

26  waiver of those claims.  Notably, in one case finding voluntarily dismissed claims were not

27  waived, there was an intervening change in law that the court found justified the amendment.

28  *Philips v. Ford Motor Co.*, 2016 WL 1745948, *11 (N.D. Cal. May 3, 2016).  That same court

1    previously held that claims were waived when there was not a justifying reason for their omission.

2    *See Philips*, 2015 WL 4111448, at *6.

3        Notably, here, Plaintiffs failed to include their state-law claims for negligence and

4    wrongful death then they filed their First Amended Complaint.  Plaintiffs do not provide any

5    reason for why they omitted those claims in their First Amended Complaint or why, almost one

6    year later, they repled them in their Third Amended Complaint, such as recently discovered facts

7    or an intervening change in law.  Absent any justification for their delayed attempt to replead their

8    dismissed claims, the Court finds that Plaintiffs waived them when they voluntarily dismissed

9    them in response to a pending motion to dismiss.  Accordingly, the Court GRANTS the motion to

10    dismiss.

**CONCLUSION**

12        For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiffs'

13    state-law claims for negligence and wrongful death.

14        **IT IS SO ORDERED**.

15    Dated: September 5, 2025

16    _____

17    SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

3