UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF DECEDENT LOLOMANIA
SOAKAI, et al.,

        Plaintiffs,

    v.

CITY OF OAKLAND, et al.,

        Defendants.

Case No. 23-cv-00381-SK

**ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT**

This matter comes before the Court upon consideration of the motion for partial summary judgment filed by Defendants Jimmy Marin-Coronel and Walid Abdelaziz (collectively, "Individual Defendants").  The Court finds the motion suitable for disposition without oral argument and VACATES the hearing scheduled for April 6, 2026.  *See* N.D. Civ. L.R. 7-1(b).  Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES the Individual Defendants' motion for the reasons set forth below.

## BACKGROUND

The Court summarized Plaintiff's alleged facts and claims in the Order on the motion to dismiss and motion for judgment on the pleadings and will not repeat them here.  The Individual Defendants now move for partial summary judgment of Plaintiffs' state-law claims against them on the grounds that the Individual Defendants are immune from liability under California Vehicle Code § 17004.

## ANALYSIS

**A.    Applicable Legal Standard on Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, set forth specific facts showing that there is a genuine issue for trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care to adequately point a court to the evidence precluding summary judgment because a court is "not required to comb the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (citation omitted). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.    Individual Defendants' Motion for Summary Judgment.**

The Individual Defendants move for partial summary judgment only on their state-law claims. They argue that California Vehicle Code 17004 provides them immunity. That statute

provides: "A public employee is not liable for civil damages on account of personal injury to or death of any person or damage to property resulting from the operation, in the line of duty, of an authorized emergency vehicle while responding to an emergency call or when in the immediate pursuit of an actual or suspected violator of the law . . . ." In the Order on the motion for judgment on the pleadings, the Court held that Plaintiff's allegations, if true, would demonstrate that the Individual Defendants were not operating their car in the line of duty to pursue a suspect to arrest him and instead that they were misusing their patrol car for an improper purpose – trying to harm the suspect. The Court noted that the Individual Defendants did not cite to any authority holding that Vehicle Code § 17004 had been applied to bar claims based on a law enforcement officer's intentional misuse of their vehicle.

In their motion for partial summary judgment, the Individual Defendants still fail to cite to any authority holding that law enforcement officers' intentionally misusing their vehicle or otherwise acting with recklessly and in violation of multiple department policies were acting "in the line of duty" in Vehicle Code § 17004. Instead, at most, the Individual Defendants cite cases where law enforcement officers perhaps negligently failed to turn on their lights and sirens while properly engaging in lawful pursuits of suspects. *See Cruz v. Briseno*, 22 Cal. 4th 568, 572 (2000) (officers not liable for "supposedly negligent failure to activate lights or sirens" when pursuing someone who ran through a red light); *Weaver v. State of California*, 63 Cal. App. 4th 188, 200-03 (1998) (officer not liable for immobilization technique under written vehicle pursuit policy for trying to stop a vehicle); *City of Sacramento v. Superior Court*, 131 Cal. App. 3d 395, 399-400 (1982) (officers not liable for failing to turn out their lights and sirens while pursuing someone for driving through a red light);

The Individual Defendants argue that intentional conduct, including deliberately ramming a fleeing vehicle, is protected by Vehicle Code § 17004. But the California Supreme Court cited *Weaver*, 63 Cal. App. 4th 188, for the proposition that Vehicle Code § 17004 does not withhold immunity for an officer's negligent or intentional conduct during a pursuit of a suspect. *Cruz*, 22 Cal. 4th at 572-73. The intentional conduct at issue in *Weaver* was the intentional use of a pursuit immobilization technique pursuant to a written vehicle pursuit policy in an attempt to stop a

vehicle after pursuing that vehicle for over two hours. *Weaver*, 63 Cal. App. at 193-95, 198-201. There is a significant difference between *authorized* intentional conduct and intentional *misconduct*, which is what Plaintiffs accuse the Individual Defendants of doing and have sufficient evidence to demonstrate as much. (Dkt. Nos. 118-1 (Video) and 118-4 (Deposition of Sergeant Demetrius Fowler).) Upon review of the evidence in the light most favorable to Plaintiffs, the Court cannot determine that the Individual Defendants were acting in the line of duty and thus immune from liability on Plaintiff's state-law claims pursuant to Vehicle Code § 17004. Accordingly, the Court DENIES the Individual Defendants' motion for partial summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Individual Defendants' motion for partial summary judgment.

**IT IS SO ORDERED**.

Dated: March 30, 2026

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

4