United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF DECEDENT LOLOMANIA SOAKAI, et al.,

Plaintiffs,

v.

CITY OF OAKLAND, et al.,

Defendants.

Case No. 23-cv-00381-SK

**ORDER ON MOTIONS *IN LIMINE***

Regarding Docket Nos. 138, 139, 141, 142, 143, 144

The Court ORDERS as follows on the parties' pending motions *in limine*:

**A. Plaintiffs' Motion *in Limine* No. 1.**

Plaintiffs move to exclude witnesses and evidence not disclosed in Rule 26 disclosures. The motion is DENIED WITHOUT PREJUDICE. If Defendants attempt to present evidence or witnesses that no party disclosed or that Plaintiffs did not know existed, Plaintiffs may renew their objection at trial. With regard to the witness Arnold A. Linaldi, Plaintiffs may take his deposition at any time before trial, to cure any harm caused by Defendants' failure to disclose him as a witness on whom they relied. If Plaintiffs are not able to take his deposition before trial, they may renew this motion to exclude his testimony at trial.

**B. Plaintiffs' Motion *in Limine* No. 2.**

Plaintiffs move to exclude expert testimony from non-retained expert Michael Hunter regarding the following subjects: whether decedent Lolomania Soakai suffered conscious pain and suffering, the length of time he would have survived after sustaining injuries in the accident in question, and the quality of his pre-death consciousness. The motion is GRANTED.

**C. Defendants' Motion *in Limine* No. 1.**

Defendants move to exclude evidence or argument that the City of Oakland was previously

a named defendant and to exclude evidence or argument that Defendants may receive defense and/or indemnification from the City of Oakland. The Court GRANTS this motion as unopposed.

**D. Defendants' Motion *in Limine* No. 2.**

Defendants move to exclude opinion from Plaintiffs' retained forensic pathologist, Jared Brooks, M.D., that Decedent Lolomania Soakai experienced pain and suffering from his injuries for up to 14 minutes prior to his death. The motion is DENIED.

**E. Defendants' Motion *in Limine* No. 3.**

Defendants move to exclude evidence or argument that Plaintiffs' injuries were worsened by any delay in summoning medical aid and declining to give a jury instruction on state-created danger. The motion is DENIED as to the portion to exclude evidence or argument that Plaintiffs' injuries were worsened by the delay in summoning medical aid. Plaintiffs may present that evidence. The Court will address the related jury instructions at the charging conference.

**F. Defendants' Motion *in Limine* No. 4.**

Defendants move to exclude evidence, testimony, argument, or references concerning any alleged post-incident "cover-up," including the alleged deactivation of body-worn cameras, reclassification of body-worn camera footage, alleged coordination or collusion in Internal Affairs testimony, alleged lack of cooperation with OPD's internal investigation, discipline, Internal Affairs findings, or related employment consequences. The motion is DENIED.

**IT IS SO ORDERED**.

Dated: July 20, 2026

Sallie Kim

SALLIE KIM
United States Magistrate Judge